489 P.2d 297

**Zorka V. MAZA, Petitioner-Employee,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**General Electric Company, Respondent Employer,**

**Electric Mutual Liability Insurance Company, Respondent Insurance Carrier.**

**No. 1 CA–IC 544.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 12, 1971.

Robert A. Slonaker, Phoenix, for petitioner-employee.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

John S. Schaper, Phoenix, for respondent insurance carrier.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari, this court is asked to determine whether there is any reasonable evidence to support the Industrial Commission's determination the petitioner's industrially-related accident did not result in petitioner being disabled for work and hence was non-compensable.

In April, 1969, petitioner Zorka Maza filed a claim with the Industrial Commis-

---

sion for an injury she had sustained approximately 11 months previously in May, 1968, while an employee of respondent-employer, General Electric Company. The evidence supports the Industrial Commission's award that in fact, an industrially-related accident occurred involving petitioner's back in May, 1968. The problems in this case, however, developed from the subsequent conduct of petitioner in relation to this injury and whether this industrial injury disabled the petitioner from working.

In order to fully understand this problem, some background history is necessary. Petitioner at the time of her injury was a 46-year-old woman. She was born in Yugoslavia and was embroiled in the Nazi occupation of that country—serving three or four years in a forced labor camp in Germany. After being released from the labor camp she became enmeshed in the internal struggle by her own countrymen for political control of her native land. Her experiences arising from these episodes in her life left her with deep-rooted psychological problems.

She subsequently migrated to Canada, then to the United States and finally settled in Phoenix, Arizona in 1962 where she obtained employment at General Electric Company.

In early 1967 petitioner apparently suffered a low back strain while moving a transformer. This injury, which did not cause her to lose work, was duly reported to a nurse employed by the company. In filling out a report form on this accident, the nurse apparently understood that the weight of the transformer was 25 pounds, while the petitioner contends she told the nurse the weight was 45 pounds. While this weight discrepancy appears to have little materiality to her injury or the treatment she received for her injury, because of petitioner's mental condition it was to have for her, tragic consequences.

Again, in late 1967, petitioner suffered a head injury and was treated by the company doctor. This treatment, together with the previous back injury treatment, left petitioner with resentments against the particular company doctor involved.

With this background in mind, we come to the industrial episode which is the subject of the award under consideration. Following the back injury of May, 1968, petitioner was again seen by the company doctor who prescribed conservative treatment and administered muscle relaxant medication. She returned to work with no loss of time, and approximately a week later, while bending over her work, her back again "popped out".

She was again examined by the company doctor who, during the course of his examination questioned petitioner as to her back injury in 1967, from the injury report prepared at that time. When petitioner learned that the 1967 report contained the information that the transformer weighed only 25 pounds as compared to the 45 pounds she thought, she became highly agitated and a heated argument broke out between her and the doctor. This resulted in petitioner's removing the offending report from the doctor's file while he was out of the room. After obtaining the report, she immediately left the doctor's office and returned to her work.

Petitioner was subsequently fired on June 11, 1968, because of the stolen report episode and had not returned to work at the time of the hearing in this matter on April 20, 1970.

It is petitioner's contention that her inability to work is related to her industrial injury of May, 1968, both physically and psychologically.

As to her physical condition, it is undisputed that following her accident in May, 1968, petitioner returned to work and was working until she was released for reasons unconnected with the physical back injury. While there is a report in the Commission

**452**

file from an orthopedic specialist that petitioner suffers from a lumbar instability and recommends a myelographic study, it is undisputed that petitioner refuses to have such a study performed.

■ As to the psychological problems, a psychiatrist testified that petitioner has severe mental problems consisting of a persecution complex and paranoia. However, it is apparent from this expert testimony that these problems pre-existed her industrial injury and there is no testimony that her back injury in any manner aggravated this pre-existing condition or that her *present* mental status is related to her injury. The psychiatrist did testify that in his opinion her mental condition did lead to her taking the medical report which in turn led to her being fired and that this mental problem is the basis of her present inability to obtain work. However, without the connecting relationship between her industrial injury and this mental condition, such evidence served no purpose under our compensation laws.

■ In short, our examination of the evidence reveals that petitioner did not sustain her burden of proving that her present inability to work is related to the May, 1968, industrial accident and the Commission, under the evidence presented, could not have reached any other result than it did.

However, in view of the orthopedic report, we echo the statement of the hearing officer that "if there is any new, additional, or previously undiscovered evidence that applicant has a disability as the result of the industrial episode of May, 1968, which prevents her from physically performing the duties of her employment, a Petition to Reopen may be filed."

Award affirmed.

HAIRE and EUBANK, JJ., concur.