536 P.2d 222

**ELECTRIC MUTUAL LIABILITY INSUR-
ANCE COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Zorka V. Maza, Respondent Employee.**

**No. I CA–IC 1022.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 5, 1975.

John S. Schaper, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The In-
dustrial Commission of Ariz., for respond-
ent.

Robert A. Slonaker, Phoenix, for re-
spondent employee.

## OPINION

STEVENS, Judge.

The question facing this Court is whether the post 1969 processing of a pre-1969 injury can be governed in part by pre-1969 procedures and in part by post 1969 procedures. We hold that under the facts presented the question is answered in the affirmative.

On 20 May 1968 Zorka V. Maza (claimant) sustained an industrially related back injury during the course of her employment with the General Electric Company (employer). The Electric Mutual Liability Insurance Company (carrier) and the employer did not contest the fact of an industrially related injury. After appropriate procedural processes The Industrial Commission of Arizona entered its 12 June 1970 award from which we quote.

### "FINDINGS

"1. That applicant sustained personal injury by accident arising out of and in the course of her employment with the above-named defendant employer approximately May 20, 1968.

"2. Applicant was not disabled as a result of said injury and did not lose any work as a result thereof.

"3. Accordingly, it cannot be found that applicant was disabled in performing the duties of her employment as a result of said injury.

"4. Applicant is entitled to medical benefits for the injury sustained to her back as a result of the industrial episode.

"5. The applicant is not entitled to compensation as provided by A.R.S., 23–1045.

"6. Applicant was terminated from her employment on June 10, 1969 for reasons other than her physical condition.

### "AWARD

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. That applicant is entitled to medical benefits for the injury sustained to her back as a result of the industrial episode of May 20, 1968."

By timely procedures the claimant brought the award before this Court and this Court affirmed the award by an opinion rendered on 12 October 1971. See Maza v. Industrial Commission of Arizona, 15 Ariz.App. 450, 489 P.2d 297 (1971), the same being herein referred to as the "Maza opinion." This Court's mandate issued in relation to the Maza opinion. We refer to the Maza opinion which sets forth the background of the claimant, the termination of her employment and the entry of the June 1970 award. The Maza opinion concluded by quoting from the report of the referee, the report which led to the entry of the June 1970 award. The quotation is as follows:

"However, in view of the orthopedic report, we echo the statement of the hearing officer that 'if there is any new, additional, or previously undiscovered evidence that applicant has a disability as the result of the industrial episode of May, 1968, which prevents her from physically performing the duties of her employment, a Petition to Reopen may be filed.'" 15 Ariz.App. at 452, 489 P.2d at 299.

We do not construe this statement to be an affirmative finding or declaration as to the technical aspects of any relief which the claimant might seek. The quotation was more in the nature of a gratuitous comment to the effect that even though the claimant lost her job and her immediate right to compensation, it is possible that she might still have some remedies. We must remember that this was a 1968 injury prior to the extensive amendments which became effective in January 1969, a fact which also bears upon the procedural matters herein considered.

After the receipt of this Court's mandate the administrative staff of the Commission considered that the June 1970 award was still open in relation to the claimant's medical expenses, if any she had incurred, and sought to secure a statement of these expenses for payment by the carrier. The

file does not reflect that any medical bills were presented in response to this inquiry by the Commission's staff.

Thomas H. Taber, Jr., M.D. was doing charity work on a voluntary basis in the Neighborhood Doctors Offices at Memorial Hospital in Phoenix. In this professional relationship he examined the claimant on 3 April 1972 with a follow-up on both the 15 and 31st of May 1972. Dr. Taber rendered a rather extensive report which is the basis of the claimant's petition to reopen which she filed on 31 August 1972.

The Commission made an administrative determination that the June 1970 award did not preclude medical benefits and proceeded to secure a medical consultation which was held on 12 October 1972. The majority report concluded as follows:

"COMMENTS: The majority of the consultants do not believe this patient presents any objective evidence of working disability which can be attributed to the incident occuring in 1968, and all of the consultants do not believe that any further treatment is indicated in connection with that incident."

William B. Helme, M.D., one of the consultants, filed a separate report indicating his opinion that there was a causal relationship between the 20 May 1968 incident and the claimant's problems as of the time of her consultation examination. The consultation report, including Dr. Helme's opinion, is a part of The Industrial Commission file in connection with this claim.

The Commission proceeded further under the pre-1969 administrative procedures and on 12 December 1972 issued its "final findings and award" from which we quote.

## "FINDINGS

"1. That the above-named applicant sustained personal injury by accident arising out of and in the course of her employment with the above-named defendant employer on May 20, 1968.

"2. That said defendant employer was insured against liability under Arizona Workmen's Compensation Laws by the above-named defendant insurance carrier.

"3. That applicant was not disabled for work in excess of seven days after said accident and therefore not entitled to compensation.

"4. That applicant has not sustained any disability attributable to said accident.

"5. That applicant is entitled to accident benefits (medical expenses) through October 12, 1972.

## "AWARD

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. Accident benefits (medical expenses) through October 12, 1972.

"IT IS ORDERED that applicant's case be, and the same is hereby closed, and that applicant take nothing further from the above-named defendant insurance carrier."

There was a timely request for a hearing. A hearing was held on 26 April 1973. Mr. John A. Flood presided at the hearing. As of that date, under the amendments effective in 1969, he was a staff member of the Commission as a hearing officer. Mr. Flood was faced with the necessity of determining whether he was conducting the hearing as a hearing officer or as a pre-1969 referee. If it be that a petition to reopen was proper, then the hearing would proceed as before a hearing officer, whereas if the June 1970 award had not been closed before the 12 December 1972 "final findings and award" then the timely request for hearing required the use of the pre-1969 procedures culminating in a referee's report and an award by the Commission. (See A.R.S. § 23–1073). Mr. Flood concluded that he was to preside as a referee under the pre-1969 procedures.

Mr. Flood heard the testimony of the claimant and the testimony of Dr. Taber. Dr. Helme was unable to appear, and at the request of the claimant, Mr. Flood consid-

ered the consultation report including the opinion of Dr. Helme. Mr. Flood resolved these matters in favor of Dr. Helme's conclusions which were supported by the evidence which he heard. He rendered an extensive report which was adopted by the Commission in its 6 July 1973 award and by timely procedures the carrier brought that award before this Court and that award is the subject of this opinion.

We quote portions of the July 1973 award:

"1. The action of the Commission by its Findings and Award on June 12, 1970, while terminating the applicant's entitlement to disability benefits, did not close out her case in that it found that she still required continuing accident benefits (medical benefits). The protested part of the Commission's Award was to its finding that the applicant was not entitled to disability benefits because the termination of her employment by the defendant employer was based upon a justified disciplinary action and in no way related to any physical condition referable to the industrial injury.

"2. The Court of Appeals in its opinion on October 12, 1971 sustained the Commission's Award, which again did not refer to the applicant's entitlement to continuing medical benefits.

\*   \*   \*   \*   \*   \*

"Again at this point the applicant's claim still had not been properly closed.

"3. The Petition to Reopen Claim on August 3, 1972 was inappropriate, in view of the foregoing, although it did result in the Commission issuing its Final Findings and Award on December 12, 1972. From the very inception of this claim this was the first official closing thereof. Thus when the applicant filed a timely Request for Hearing directed to the hearing action the issue raised thereby was not whether there is new, additional or previously undiscovered disability but

rather whether the applicant is entitled to continuing compensation benefits.

\*   \*   \*   \*   \*   \*

"5. Therefore, the applicant's Request for Hearing is herewith treated as having raised the issue of continuing benefits for her May 20, 1968 industrial injury and not as a Petition to Reopen the same, which therefore calls for a submission of this Referee's Report rather than a Hearing Officer Award.

\*   \*   \*   \*   \*   \*

"10. \* \* \* It is the opinion of the Referee that the uncontroverted testimony of the applicant, the testimony of Doctor Taber and the supportive minority report by Doctor Helme should be given greater weight than the majority report of the consultants based upon a single examination on October 12, 1972.

"11. Insufficient evidence was presented at the formal hearing as to the periods of time during which the applicant was unable to perform work on a light duty basis as a result of her industrially related physical condition, and as to whether or not at other times the applicant made any effort to obtain such employment. Therefore, such issue should be initially left to administrative determination.

"12. In view of the foregoing, the applicant is entitled to an Award for Continuing accident (medical) benefits and compensation benefits by virtue of her Request for Hearing filed on January 2, 1973. She is entitled to medical, surgical and hospital benefits and disability benefits from May 20, 1968 until such time as her condition becomes medically stationary.

\*   \*   \*   \*   \*   \*

"AWARD

"1. Accident benefits (medical) from May 20, 1968 until such time as her condition becomes medically stationary.

"2. Temporary compensation from May 20, 1968 as provided by law."

This Court is in partial agreement with Mr. Flood and the Commission and in partial disagreement. With the entry of the Maza opinion the 12 June 1970 award certainly became final insofar as that award determined that the claimant was not entitled to receive compensation by virtue of her industrial injury, subject of course to any remedies she might thereafter pursue. In respect to the claimant's entitlement to compensation, as of the entry of the June 1970 award, it was final and the proper procedure to thereafter seek compensation was to file a petition to reopen. That portion of the award relating compensation back to 20 May 1968, if compensation is hereafter granted pursuant to the still unresolved petition to reopen, is erroneous.

The June 1970 award also became final in relation to the fact that the claimant was entitled to medical benefits from and after her injury on 20 May 1968 and the award as to the extent of her entitlement thereto remained open until the same was closed by the Commission's administrative closing of 12 December 1972, which closing was kept from becoming final by the timely request for a hearing. We find an absence of error in keeping open the matter of the claimant's entitlement to medical benefits from and after May 1968 as specified by the June 1970 award.

Because Mr. Flood might have used a different standard in evaluating the evidence as to the claimant's entitlement to compensation had he realized that he was presiding in his capacity as a hearing officer and had he then been giving consideration to a petition to reopen as distinguished from presiding as a referee in an award which had not been closed, it is necessary to set aside the Commission's award of 6 July 1973.

The award is set aside.

NELSON, P. J., Department C, and WREN, J., concur.