616 P.2d 81

Charles Nash THOMAS, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Tucson General Tire Company, Respondent Employer,

Liberty Mutual Insurance Company, Respondent Carrier.

No. 1 CA–IC 2202.

Court of Appeals of Arizona, Division 1, Department C.

June 12, 1980.

Rehearing Denied July 8, 1980.

Review Denied Sept. 4, 1980.

Lawrence Ollason, Tucson, for petitioner.

Calvin Harris, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by David W. Earl, Phoenix, for respondents employer and carrier.

## OPINION

CONTRERAS, Judge.

In this special action directed to the Industrial Commission, petitioner challenges a Decision Upon Hearings and Special Findings that affirmed a previously entered order requiring petitioner to disclose his residence address to respondent carrier pursuant to Rule 4 (A.C.R.R. R4–13–104) of the Commission's procedural rules. We affirm the decision.

On December 30, 1965, petitioner filed a workmen's compensation claim for an industrial injury that occurred on December 7, 1965. The claim was accepted for benefits and on May 12, 1971, a Findings and Award for Unscheduled Permanent Partial Disability was entered which found that the petitioner had sustained a 100% reduction in monthly earning capacity. Petitioner thereafter received appropriate monthly compensation benefits. Each year on the anniversary date of his award, petitioner, pursuant to A.R.S. § 23–1047(D), submitted the required Annual Income Report in which he stated that he had no earnings for the prior twelve–month period. On these Annual Income Reports, petitioner gave his attorney's address rather than his address and place of residence.

On May 5, 1978, the attorney for respondent carrier formally requested petitioner's attorney to provide petitioner's present address and place of residence. Petitioner's attorney did not comply with respondent's request and on May 17, 1978, respondent carrier filed a document with the Industrial Commission designated as "Motion to Compel Claimant to Comply with Rule 4." Rule 4 of the Rules of Procedure for Workmen's Compensation Hearings Before the Industrial Commission of Arizona provides:

It shall be the duty and obligation of the claimant to at all times keep The Industrial Commission of Arizona and carrier advised of his address and place of residence. The address of his attorney or authorized representative shall not be sufficient to meet the requirements of this rule.

In its Special Findings and Order, the Industrial Commission ordered petitioner to comply with Rule 4:

## ORDER

NOW, THEREFORE, IT IS ORDERED that the request to compel the *claimant* to comply with Rule 4 of the Rules of Procedure before the Industrial Commission of Arizona is hereby granted and the *claimant* is ordered to disclose his home residence to the defendant insurance carrier herein forthwith. [emphasis added]

After the Order's entry and pursuant to petitioner's request, a hearing was held to contest the Order. At the hearing, petitioner, after being asked his present address by the carrier's attorney and after being directed by the hearing officer to answer the question, stated his residence address. Following this hearing, the Industrial Commission entered its Decision Upon Hearing and Special Findings affirming the earlier Order. This timely special action followed. Although petitioner disclosed his address and place of residence at the hearing, we do not consider the issue entirely moot since there is nothing to prevent petitioner from moving and thus precipitating similar proceedings. Therefore, we will determine whether petitioner, pursuant to Rule 4, is required to keep the Industrial Commission and carrier advised of his address and place of residence.

■ Petitioner first contends that Rule 4 is inapplicable in his case because he is not "a claimant" as provided for in the rule. This contention is based on his assertion that he is not a claimant because he has asserted his claim, has had it adjudicated on the merits, and has received a final award. He further argues that the word "claimant" is defined as "one that asserts a right or title." Webster's Third International Dictionary 414 (unabridged 1971). We reject this contention. Although petitioner's present outstanding award entitles him to continuing benefits based on a previously determined 100% loss of earning capacity, in our opinion the award is not truly "final" because it remains subject to possible future rearrangement, pursuant to A.R.S. § 23–1044(F). And, to that extent, the Industrial Commission retains continuing jurisdiction over petitioner's claim for benefits. *See Continental Casualty Co. v. Industrial Commission*, 111 Ariz. 291, 528 P.2d 817 (1974); *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974); A.R.S. § 23–1044. Additionally, we believe that the term "claimant" as used in the context of workmen's compensation proceedings is not properly subject to a restrictive definition and as used in the present context it includes an individual who is asserting a right to continued benefits pursuant to an award.

■ Petitioner also contends that Rule 4 is inapplicable to his case because of Rule 1 (A.C.R.R. R4–13–101) of the Industrial Commission's rules of procedure. Rule 1(A) provides:

A. These rules apply to all actions and proceedings of or before the Commission pertaining to claims resulting from injuries which occurred on or after January 1, 1969, and to Petitions to Reopen or Petitions for Readjustment or Rearrangement of Compensation filed on or after that date, and shall be deemed a part of the record in each such action or proceedings without formal introduction of, or reference to, the same. All parties are deemed to have knowledge of these rules. A copy of the rules will be supplied upon request to any person free of charge by the Commission. These rules shall become effective on November 1, 1973, and apply to all hearings held on or after December 1, 1973.

Petitioner claims that because his industrial injury occurred prior to January 1, 1969, and no petition for reopening or rearrangement has been filed subsequent to that date, the current rules of procedure of the Industrial Commission, including Rule 4, do not apply to him. We also reject this contention. Petitioner's interpretation of Rule 1 does not acknowledge paragraph B of the same rule:

B. These rules supersede all present Rules of Procedure Before The Industrial Commission of Arizona, and all present Rules of Procedure Before The Industrial Commission of Arizona are hereby repealed except for those which affect existing or accrued rights connected with the processing to entry of a final award of claims for injuries or disabling conditions which occurred prior to January 1, 1969, as provided by A.R.S. § 23–1073.

Reading Rule 1 as a whole, we conclude that the current rules apply to all Industrial Commission matters and to all claimants except for the manner of processing claims that had not become final as of January 1, 1969, and were based on injuries that occurred prior to that date. The distinction contained in Rule 1(A) regarding the procedures applicable to a claim in process based on a pre–1969 injury and a post–1969 petition to reopen merely effectuates the legislative intent of A.R.S. § 23–1073 which requires: (1) that pre–1969 claims for injury be processed to entry of an award in accordance with the procedure and benefit levels in effect prior to January 1, 1969; and (2) that petitions to reopen filed after January 1, 1969, which are based on pre–1969 injuries and awards be processed in accordance with post–1969 procedural provisions. *See Electric Mutual Liability Insurance Co. v. Industrial Commission*, 24 Ariz.App. 101, 536 P.2d 222 (1975). With those specific qualifications, and as stated in paragraph B of Rule 1, the "rules supersede all present Rules of Procedure Before The Industrial Commission of Arizona.

. . ." The rules are therefore applicable to all claimants, including petitioner.

■ Petitioner's final contention goes to the authority of the Industrial Commission to inquire into the residence address of a claimant in light of the following provision of the Arizona Constitution: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Ariz.Const. art. 2, § 8. We summarily reject this contention. Petitioner has shown neither how his private affairs have been or would be disturbed nor how his home has been or would be invaded by requiring compliance with Rule 4. Of further import is the proposition that by asserting his continuing right to benefits, petitioner has the corresponding responsibility to comply with the applicable rules, including Rule 4, which have the authority of law. *See* A.R.S. § 23–921(B); *Gila Valley Block Co. v. Industrial Commission*, 120 Ariz. 264, 585 P.2d 572 (App.1978); *Christian v. Industrial Commission*, 13 Ariz.App. 285, 475 P.2d 770 (1970).

It is our opinion that petitioner is required to keep the Industrial Commission and the carrier advised of his address and place of residence pursuant to the requirements of Rule 4 of the Industrial Commission's rules. The Decision Upon Hearings and Special Findings is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.