528 P.2d 1262

Leonard A. YANOCHIK, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Magma Copper Company, Superior Division,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 986.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 12, 1974.

Rehearing Denied Jan. 31, 1975.

Review Denied March 4, 1975.

Langerman, Begam, Lewis, Leonard &
Marks, P. A., by Noel Fidel, Phoenix, for
petitioner.

Edward F. Cummerford, Chief Counsel,
The Industrial Commission of Ariz., Phoe-
nix, for respondent.

Twitty, Sievwright & Mills by John F.
Mills, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State
Compensation Fund, Phoenix, for respon-
dent carrier.

## OPINION

JACOBSON, Chief Judge, Division 1.

The question dispositive of this
case on review is whether there is suffi-
cient evidence to support the Commission's
denial of petitioner's request for change of
physician.

Petitioner, employed as a miner by re-
spondent employer (hereinafter referred to
as company), was injured on June 8, 1971
when he was crushed between an ore train
and a timber. He was admitted to the
company hospital facility [1] for treatment of
his lower back, hip and abdomen by Dr.
Anthony B. Yang, a company physician.
Following his release from the hospital, pe-
titioner continued to complain of severe
abdominal pain. He was referred to Dr.
Guillermo F. Patino, the company surgeon,
on Dr. Yang's suspicion that petitioner was
suffering from hernias. Dr. Patino exam-
ined petitioner on June 24, 1971, and found
no evidence of hernias but noted that at
that time petitioner had "dilated inguinal
rings and tenderness in the rings."

Subsequently, in August of 1971 and
February of 1972, petitioner visited two
other doctors with Dr. Yang's consent.
Neither of these doctors diagnosed peti-

---

1. Pursuant to A.R.S. § 23–1070 (Supp.1974)
respondent employer has elected to provide
medical, surgical and hospital benefits direct-
ly to its employees.

tioner's discomfort as stemming from hernias. Ultimately, in June of 1972, the petitioner was examined by a private general surgeon, Dr. James J. Berens, without the company's consent. Dr. Berens recommended that petitioner undergo surgery for bilateral inguinal hernias. This diagnosis was confirmed by Drs. Patino and Ruben Acosta, a Tucson general surgeon who acted as a surgeon consultant at the company hospital.

Petitioner was scheduled for surgery at the company hospital for hernia repair by Drs. Patino and Acosta. However, he requested that the surgery be performed by Dr. Berens in a different hospital because "I do not have any faith in Dr. Patino."

Surgery was performed by Dr. Berens on August 2, 1972. On August 22, 1972 the Industrial Commission, without a hearing, granted petitioner's request for a change of physicians to Dr. Berens. However, following a November 5, 1972 hearing, the Hearing Officer denied petitioner's request. This denial was then affirmed by the Commission, whereupon petitioner filed a writ of certiorari with this court.

The fact that the hernias are industrially-related does not seem to be contested. The controversy surrounds a determination of who is to pay for the repair, that is, whether the denial of the requested change of physician was proper. In determining whether the Hearing Officer was correct in finding that petitioner's health, life, or recovery would not be endangered by having the hernia repair performed by a company doctor at the company facility and that therefore petitioner must bear the cost of surgery, A.R.S. § 23–1070(E) (Supp. 1974) must be examined. Pursuant to that section, the Commission has the discretion to order a change of physician as requested by petitioner. The section reads, in part:

> "If the medical, surgical or hospital aid or treatment being furnished by an employer is such that there is reasonable ground to believe that the *health, life or recovery of any employee is endangered*

*or impaired thereby,* the commission may, upon application of the employee or upon its own motion, order a change of physicians or other conditions. . . ." (Emphasis added.)

Petitioner contends that the Hearing Officer erred in his interpretation of this section by only considering the adequacy of the hospital facilities and the competency of the doctors. We agree as does the company that such a restricted interpretation of A.R.S. § 23–1070(E) is not warranted. In our opinion, the Commission, along with considering the adequacy and competency of the medical services offered by the employer should consider the relationship between the patient and the doctors and whether that relationship has a bearing upon the "health, life, or recovery of any employee." However this is not such a case.

Dr. Patino testified that "the relationship between patient and doctor is the most important thing for the final results of any medical treatment." However, for the request for a change of physician to be proper under this statute, there must not only be evidence of the patient's lack of confidence, but that this mistrust will reasonably affect his health, life or recovery. It is Dr. Patino's uncontroverted testimony that the herniorrhaphy to be performed on petitioner was a common surgical technique and the result would be the same notwithstanding a patient's confidence in his doctor. If the handwork is properly done, the patient will recover without complications no matter how the patient views his doctor.

Therefore, although the patient's confidence and trust in his doctor is oftentimes an element to be considered when a change of doctor is requested, in this case there is no evidence to support petitioner's claim that his health, life, or recovery was jeopardized by his feelings about Dr. Patino. As there was ample evidence to support a finding that the company facilities and staff were adequate to perform this hernia repair and that petitioner's lack of confi-

dence was irrelevant to the success of this technique, the denial of his request for a change of physician in this case will not be disturbed.

 Petitioner also urges that his constitutional right of privacy was infringed by the denial of his request to transfer to a physician in whom he had complete trust. In support of this contention petitioner cites Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Petitioner's reliance on the penumbra of personal rights as enunciated in these cases is misplaced and we hold that A.R.S. § 23–1070(E) (Supp. 1974) does not unconstitutionally infringe upon these rights.

The decision of the Industrial Commission denying petitioner's request to change physician is affirmed.

HAIRE, P. J., and EUBANK, J., concur.