564 P.2d 407

**KENNECOTT COPPER CORPORATION,
Petitioner employer,**

**The State Compensation Fund,
Petitioner carrier.**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Jose V. Perez, Respondent employee.**

**No. 1 CA–IC 1591.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 10, 1977.

Fennemore, Craig, von Ammon & Udall, Michael Preston Green, Jerome B. Shultz, John G. Ryan, Phoenix, for petitioner employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for petitioner carrier.

Stephen H. Morris, Phoenix, for respondent employee.

OPINION

OGG, Judge.

In this special action we are asked to review an award of the Industrial Commission holding a self-insured employer liable for the cost of unauthorized medical treatment incurred by an injured employee.

The respondent/employee Jose V. Perez sustained an injury to his right index finger on November 18, 1974, while in the employ of Kennecott Copper Company, a qualified

self-insured employer under ARS § 23–1070. Perez received immediate and continuing medical treatment from the staff of physicians at Kennecott's hospital facility located in Kearney, Arizona. In addition, Perez was sent by Kennecott, to Dr. Leo Tuveson for special orthopedic consultation.

In March, 1975, Perez was laid off from employment at Kennecott for reasons unrelated to his industrial injury. Thereafter, apparently dissatisfied with the medical treatment he was receiving at the Kennecott hospital, Perez discontinued his treatment there and obtained independent and unauthorized private medical treatment from Dr. A. J. Fanta and Dr. Eugene Chandler. Perez was subsequently advised both orally and by letter from the office of the State Compensation Fund that the medical treatment provided by Drs. Fanta and Chandler was unauthorized and would not be paid by Kennecott absent an authorized request to change doctors. Perez failed to file such a request and continued to see Dr. Chandler until December, 1975.

On July 10, 1975, Kennecott issued a notice of claim status denying liability for the unauthorized private medical treatment. Hearings were held on February 19, 1976, and April 9, 1976; on April 29, 1976, the Industrial Commission issued an award finding Perez to have sustained a 42% functional loss of the right index finger and awarding him full compensation for the private medical treatment he received. The award was affirmed on review and this petition for special action followed.

Kennecott challenges only that portion of the award of the Commission allowing compensation for the unauthorized medical treatment and presents two issues for our consideration:

1. Does a self-insured employer under ARS § 23–1070 have the right to refuse to pay for unauthorized medical treatment when the injured employee rejects medical treatment provided by the employer; and

2. Was the Industrial Commission without jurisdiction to enter an award finding the claimant justified and/or excused in not obtaining prior permission to change physicians?

We will consider these issues together since both are dispositive of the general question of Kennecott's liability for the unauthorized medical treatment received by Perez.

Under the provisions of ARS § 23–1070 an employer under the workmen's compensation act, in lieu of paying premiums for medical and surgical benefits, may elect to provide such medical benefits independently through the establishment of its own hospital or medical facility. An injured employee is generally required to submit to medical treatment provided in this manner by the self-insured employer absent a showing that the health, life or recovery of the employee is endangered by such treatment. ARS § 23–1070(E) provides:

> *If the medical, surgical or hospital aid or treatment being furnished by an employer is such that there is reasonable ground to believe that the health, life or recovery of any employee is endangered or impaired thereby, the commission may, upon application of the employee or upon its own motion, order a change of physicians or other conditions.* If the employer fails to comply with the order promptly, the injured employee may elect to have medical, surgical or hospital aid or treatment provided by or through the state compensation fund. In that event the claim of the injured employee against the employer shall be assigned to the state compensation fund for the benefit thereof, and the state compensation fund shall furnish to the insured employee medical, surgical or hospital aid or treatment as provided in this chapter. [Emphasis added.]

ARS § 23–1071(B) provides that "No employee may change doctors without the written authorization of the insurance carrier, the commission or the attending physician," and ARS § 23–1070.01 prescribes procedure for requesting early hearing on any request for change of physician when conditions indicate immediate and irreparable loss or damage would occur if such authorization were delayed.

In the case of *Arizona Public Service Co. v. Industrial Commission*, 27 Ariz.App. 369, 555 P.2d 126 (1976), this court held that absent a reasonable showing that an employee's health or recovery would be jeopardized by continuing medical treatment at facilities provided by the self-insurer, the employee does not have an unqualified right to seek independent medical treatment and hold the employer liable for the cost thereof.

> [W]e hold that where a self-insured employer has, in compliance with the provisions of ARS § 23–1070 arranged for medical benefits for its injured employees, the injured employee does not have the unrestricted right, as a benefit available under workmen's compensation law, to choose his own doctor, thereby rejecting the medical services furnished by the employer  .   .   .  ARS § 23–1070 is a special statute dealing with the limited situations involving employers who have elected to directly furnish the medical and surgical or hospital benefits required under the workmen's compensation law, rather than paying an insurance premium to the State Compensation Fund or other authorized carriers to insure the payment of such benefits  .   .   .  If the employee had the unqualified right to refuse to accept the services of medical facilities and personnel provided by a self-insured employer, and to impose liability upon the self-insurer for the cost of such other medical treatment, then the statute and the Commission's rules would be totally meaningless. [Footnotes omitted.] 555 P.2d at 130–31.

■ On the basis of this authority we conclude that as a matter of law Kennecott should not be held liable for the cost of the unauthorized independent medical treatment obtained by Perez. As our opinion in *Arizona Public Service Co. v. Industrial Commission* indicates, an employee does not possess the unqualified right to change physicians, but must obtain written authorization to make such change founded upon reasonable proof that the medical care provided by the employer is in some regard injurious to his health or recovery. See

§§ 23–1071(B), 23–1070(E) and 23–1070.01. Since Perez failed to request or obtain written authorization to seek private medical treatment, and there was no emergency situation, we conclude that such treatment was unauthorized and therefore Kennecott should not be held liable for the medical costs thereby incurred.

Assuming, therefore, that the private medical treatment obtained by Perez was unauthorized, for which Kennecott should not be held liable, we must next determine whether the requirement of obtaining written authorization under § 23–1071(B) can be waived or granted retroactively. The hearing officer in his findings concluded that the medical testimony at hearing provided reasonable evidence to imply it was necessary for Perez to seek independent medical treatment to facilitate his recovery. Apparently relying upon the waiver provision of Rule 57, Rules of Procedure Before the Industrial Commission, the hearing officer therefore concluded that Perez was excused from the statutory requirement of obtaining authorization to change physicians and Kennecott was liable for the cost of the private medical care obtained by Perez.

■ It is a fundamental principle of administrative law that an administrative agency must function in the exercise of its rule-making authority within the parameters of its statutory grant. To otherwise operate would be an administrative usurpation of the constitutional authority of the legislature. *Adams v. Industrial Commission*, 26 Ariz.App. 289, 547 P.2d 1089, rev'd on other grounds, 113 Ariz. 294, 552 P.2d 764 (1976).

■ ARS § 23–1071 provides that a claimant for medical benefits shall not change doctors without written authorization. Rule 57, Rules of Procedure Before the Industrial Commission, provides in part that "the presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by *these rules* if good cause therefor is shown." (Emphasis added.) Manifestly, Commission Rule 57

does not empower a hearing officer with authority to waive the statutory mandates of workmen's compensation law. Nor does the language of Rule 57, providing for the discretionary waiver of sanctions imposed by "these rules" allow such a result. Clearly, therefore, the hearing officer incorrectly concluded that the statutory requirement that authorization be obtained to allow change of physicians could be waived by Commission Rule 57.

■ Similarly, the hearing officer was incorrect in authorizing the change of physicians made by Perez retroactive to the original medical consultation. ARS § 23–1070(E) provides, in part:

> If the medical, surgical or hospital aid or treatment *being furnished* by an employer is such that there is reasonable ground to believe that the health, life or recovery of any employee is endangered or impaired thereby, the commission may, *upon application of the employee or upon its own motion*, order a change of physicians or other conditions. [Emphasis added.]

Implicit in this statutory section and ARS § 23–1070.01 is the intent to allow a change of physician only when *current* medical treatment is unproductive and only at the time a claimant's health or recovery is endangered by the *continuance* of treatment. To allow the retroactive authorization of a request for change of physicians would render the hearing provisions of ARS §§ 23–941 and 23–1070.01 superfluous and reduce the issue of the necessity for private medi-

cal care to a question of whether the treatment in some way aided the claimant's recovery.

In an analogous situation the Arizona Supreme Court in *Continental Casualty Co. v. Industrial Commission*, 113 Ariz. 116, 547 P.2d 470 (1976), held that written authorization for a claimant to leave the state under ARS § 23–1071(A) could not be given retroactively to the time the claimant left the state. The court reasoned that the statutory language was clear in requiring approval prior to departure, and to hold otherwise would effectively negate the legislative purpose of the statute.

We therefore conclude that the failure of Perez to comply with the statutory requirement of § 23–1071 for obtaining authorization to change physicians cannot be waived by Commission Rule 57 or granted through retroactive application. The private medical treatment obtained by Perez is thereby rendered unauthorized for which Kennecott should not be liable.

The award is set aside.

JACOBSON, P. J., and FROEB, C. J., concur.