585 P.2d 572

**GILA VALLEY BLOCK COMPANY, INC., Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Ernest P. Casas, Respondent Employee,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 1862.

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 10, 1978.

Rehearing Denied Sept. 29, 1978.

Review Denied Oct. 11, 1978.

Rabinovitz, Dix & Sands, P. C. by Bernard I. Rabinovitz, Charles G. Rehling, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Davis, Eppstein & Tretschok, P. C. by Patrick R. McNamara, Tucson, for respondent employee.

## OPINION

NELSON, Judge.

This special action presents for review the question of the validity of Rule 29, Rules of Procedure for Workmen's Compensation Hearings before the Industrial Commission of Arizona. We hold that Rule 29 is in excess of the statutory rule-making grant to the Industrial Commission and therefore invalid.

The workmen's compensation claimant in this action filed a petition to reopen his claim on December 20, 1976. The State Compensation Fund accepted the petition to reopen on January 26, 1977. The next written document in the record is a letter from the employer to the Commission dated March 11, 1977, requesting a hearing "in order to contest the within referenced claim."

There is some dispute as to if, when, and how the employer previously notified the carrier of its dissatisfaction with the acceptance of the petition to reopen. It is obvious from the file, however, that no written objection was filed with the Commission prior to the letter requesting a hearing.

A hearing was held limited to the question of the Commission's jurisdiction to hear the employer's protest to the reopening on its merits. The hearing officer decided there was no jurisdiction and dismissed the request for hearing because it was filed some 44 days after the State Compensation Fund accepted the petition to reopen, outside the 30 day limit established by Rule 29 of the Industrial Commission. Rule 29 reads as follows:

"RULE 29. Carrier's Determinations Binding Upon Its Insured; Self-Rater Exception

(a) If an employer is insured, the insurance carrier shall be deemed the agent of the employer and any actions or determinations taken or made by the insurance carrier shall be considered binding upon said carrier's insured, and the insured shall have no right to protest or petition the Commission for relief concerning such actions taken by its insurance carrier unless, within thirty (30) days after a carrier has taken an action or made a determination, the employer notifies the carrier and the Commission in writing that he disagrees with the carrier's action or determination.

(b) This rule does not apply to employers insured under a Self-Rating Insurance Plan."

■ A.R.S. §§ 23–901(7), 23–941(A) and 23–947 clearly and unambiguously permit requests for hearings by interested parties to be filed with the Commission within 60 days.

"A.R.S. § 23–901(7):

7. 'Interested party' means the employer, the employee, or if the employee is deceased, the surviving spouse or dependents; the commission, the insurance carrier or their representative."

"A.R.S. § 23–941(A):

A. Subject to the provisions of § 23–947, *any interested party* may file a request for a hearing concerning a claim." (Emphasis added)

"A.R.S. § 23–947:

A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed within sixty days after the notice sent under the provisions of subsection F of § 23–1061 *or within sixty days of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23–1047* or § 23–1061 or within ten days of all other awards issued by the commission." (Emphasis added)

■ The power of the Industrial Commission to adopt rules reasonably required in the performance of its duties is established by A.R.S. § 23–921(B). This rule-making power is not unlimited, however:

"It is a fundamental principle of administrative law that an administrative agency must function in the exercise of its rule-making authority within the parameters of its statutory grant. To otherwise operate would be an administrative usurpation of the constitutional authority of the legislature." *Kennecott Copper Corporation v. Industrial Commission,* 115 Ariz. 184, 564 P.2d 407 (1977).

■ Clearly Rule 29, *supra,* shortens the time for filing a request for a hearing set out by the legislature in its statutes, *supra,* and therefore is outside the parameters of its statutory grant. *Kennecott, supra.* The award of the hearing officer is set aside and the matter remanded to the Industrial Commission for a hearing on the merits of the employer's protest of the notice of claim status granting the reopening.

SCHROEDER, P. J., and WREN, J., concur.