860 P.2d 1318

**Thomas LEE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Safeway Stores, Inc., Respondent Employer,**

**Safeway Stores, Inc., Respondent Carrier.**

No. 1 CA–IC 91–0209.

Court of Appeals of Arizona, Division 1, Department A.

April 29, 1993.

Review Denied Nov. 4, 1993.*

Taylor & Schaar by Thomas R. Stillwell, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Lewis and Roca by Merton E. Marks, Barry Fish, Deborah A. Nye, Phoenix, for respondent Employer and Carrier.

OPINION

O'MELIA, Judge**.

This is a special action review of an Industrial Commission award denying a change of physician under Ariz.Rev.Stat. Ann. ("A.R.S.") § 23–1070(E) (1983). The sole issue on appeal is whether A.R.S. § 23–1071(B) applies to self-insured employers who have complied with the requirements of A.R.S. § 23–1070. We hold that A.R.S. § 23–1070 is exclusive and A.R.S. § 23–1071(B) does not apply. Employees of self-insured employers that fall within the purview of A.R.S. § 23–1070 do not have the right to change physicians upon the written consent of the attending physician. Accordingly, we affirm the award.

Claimant, who resides in Tempe, worked for Safeway, which is a self-insured employer and a qualified self-provider of medical benefits under A.R.S. § 23–1070. In 1985, claimant was injured while at work and was awarded workers' compensation benefits. In 1986, Safeway approved claimant's request to transfer his medical

---

* Feldman, C.J., of the Supreme Court, did not participate in the determination of this matter.

** The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to

participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

care to the Center For Sports Medicine, located near Indian School Road and 19th Avenue. Claimant received active and supportive care at this facility for five years. In June 1990, claimant sold his car and had to ride the bus to this facility, which took two hours each way. Because of this inconvenience, claimant requested approval from his treating physician at the Center for Sports Medicine to transfer to Dr. Barbosa, whose office is located near claimant's residence.

Claimant's treating physician approved the transfer in writing. However, Dr. Barbosa would not begin treatment without approval from the Industrial Commission. Claimant requested an "acknowledgement" of this transfer from the commission under A.R.S. § 23–1071(B). Safeway objected to the transfer because Dr. Barbosa "is not on Safeway Company physician program" and suggested several alternative physicians.

The commission denied approval for a change of physician. The administrative law judge denied approval of the change, stating that A.R.S. § 23–1070(E) is the exclusive means for obtaining approval to change physicians and claimant failed to satisfy its requirement that the employer-provided treatment endanger or impair his health, life, or recovery. The award was affirmed on administrative review and claimant brought this special action.

## DISCUSSION

A.R.S. § 23–1070(A) and (E) provide:

A. An employer, other than the state or a political subdivision thereof, who secures compensation to his employees in the manner provided in [A.R.S. § 23–961(A)] ... may, in lieu of making premium payments for medical, surgical and hospital benefits, provide such benefits to injured employees and may collect one-half of the cost thereof from his employees....

E. If the medical, surgical or hospital aid or treatment being furnished by an employer is such that there is reasonable ground to believe that the health, life or recovery of any employee is endangered or impaired thereby, the commission may, upon application of the employee or upon its own motion, order a change of physicians or other conditions....

A.R.S. § 23–1071(B) provides:

B. No employee may change doctors without the written authorization of the insurance carrier, the commission or the attending physician.

Claimant concedes that he failed to satisfy the requirements of A.R.S. § 23–1070(E). However, he argues that A.R.S. § 23–1070(E) is not exclusive and contends that A.R.S. § 23–1071(B) authorized him to change physicians because his treating physician approved the change in writing. We disagree.

A.R.S. § 23–1070 is a special statute that involves the limited situation of employers that have elected to furnish the medical benefits required by the workers' compensation statutes directly rather than pay workers' compensation insurance premiums. *Arizona Public Service Co. v. Industrial Commission*, 27 Ariz.App. 369, 373, 555 P.2d 126, 130 (1976). Employees of such self-insured employers do not have an unrestricted right to choose their own doctor because that would require the employer to provide double medical coverage—coverage provided directly and coverage provided to the employee's own doctor. *Scottsdale Memorial Hospital v. Industrial Commission*, 158 Ariz. 95, 97, 761 P.2d 169, 171 (App.1988). However, under A.R.S. § 23–1071(B), such considerations do not arise because written authorization is required to change doctors. *Id.* This requirement insures that treatment will not be fragmented and that additional treatment is reasonably necessary. *Id.*

Claimant agrees that it is unfair to expect a self-insured employer to pay for double medical coverage but contends that A.R.S. § 23–1071(B) should apply to a self-

provider unless the employer provides double medical coverage.

We considered and rejected this policy argument in *Arizona Public Service Co.*, 27 Ariz.App. at 376, 555 P.2d at 133. In that case, the employer was self-insured under A.R.S. § 23–1070 but did not maintain a hospital facility or directly provide medical services to its employees. *Id.* at 371 n. 1, 555 P.2d at 128 n. 1. Both the claimant and the commission contended that under A.R.S. § 23–1070, a self-insured employer that does not directly provide medical services cannot designate the initial treating physician of an employee however, a self-insured employer who contracted with certain physicians and hospitals could designate physicians. *Id.* at 375, 555 P.2d at 132. We affirm our holding in that case and restate here that nothing in the statute justifies a distinction between self-insured employers who directly provide services and those who contract for them. *Id.* at 376, 555 P.2d at 133.

Claimant further argues that *Kennecott Copper Corp. v. Industrial Commission*, 115 Ariz. 184, 564 P.2d 407 (App.1977), has left open the possibility that A.R.S. § 23–1071(B) is applicable to self-insured cases. He contends that *Kennecott* does not exclude physician approval as a means of changing doctors but merely says that the right to change doctors under A.R.S. § 23–1070(E) is a qualified right. We disagree with claimant's interpretation of *Kennecott*. *Kennecott* relies on *Arizona Public Service Co.* which held that an injured employee of a self-insured employer that complies with A.R.S. § 23–1070(E) does not have the unrestricted right to choose his own doctor. *Arizona Public Service Co.*, 27 Ariz.App. at 376, 555 P.2d at 133. Under A.R.S. § 23–1070(E) a reasonable belief that the employee's health, life or recovery is endangered is required to change doctors. We do not see how this restriction or qualification leaves open the possibility that physician approval is also a means of changing doctors under A.R.S. § 23–1070.

Claimant also relies on *Yanochik v. Industrial Commission*, 22 Ariz.App. 503, 528 P.2d 1262 (1974) as implying that medi-

cal services from outside doctors are compensable as long as the self-insured employer-approved doctor consented. We disagree. In *Yanochik*, the claimant requested a change of physician because he did not have faith in the employer-approved physician. *Id.* at 504, 528 P.2d at 1263. The court relied on A.R.S. § 23–1070(E) and concluded that there was no evidence to suggest that the claimant's health, life or recovery was jeopardized by the company doctor. *Id.* Nothing in *Yanochik*, however, suggests that if the employer had objected, the physician's consent would have overridden the employer's objection.

We hold that there is no provision similar to A.R.S. § 23–1071(B) that applies to self-insured employers that comply with A.R.S. § 23–1070. *See Mountain Shadows Resort Hotel v. Industrial Commission*, 147 Ariz. 411, 413, 710 P.2d 1066, 1068 (App. 1985). Employees of A.R.S. § 23–1070 employers do not have the right to change physicians upon written consent of the attending physician. *Id.* The statute requires a showing that the employee's health, life or recovery is impaired by current treatment. A.R.S. § 23–1070(E).

For the foregoing reasons we affirm the award of the Industrial Commission denying claimant's request for a change of physician.

LANKFORD, P.J., and MCGREGOR, J., concur.