NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SYLVIA SESSION, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CIGNA HEALTH CARE, *Respondent Employer,*

INDEMNITY INS CO OF NORTH AMERICA C/O SEDGWICK CMS, *Respondent Carrier.*

No. 1 CA-IC 16-0025
FILED 12-30-16

Special Action - Industrial Commission
ICA Claim No.  20142-750034
Carrier Claim No. 30142758433-0001
The Honorable J. Matthew Powell, Administrative Law Judge

**AFFIRMED**

APPEARANCES

Sylvia Session, Laveen
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Ritsema & Lyon PC, Denver, CO
By Kelly F. Kruegel
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona (ICA) award. For the following reasons, we affirm the award of the Administrative Law Judge (ALJ).

**FACTUAL AND PROCEDURAL HISTORY**

**¶2** Petitioner employee Sylvia Session (Session) worked as a medical assistant in a pediatrics office for more than twenty years. Her job duties included entering patient data into a computer, carrying a laptop between rooms, administering injections and tests, opening heavy doors for patients, taking vital signs, using a phone, briefing doctors, and typing letters. In August 2014, Session developed pain, numbness and tingling in both of her hands and was diagnosed with bi-lateral DeQuervain's tenosynovitis (tendinitis) and/or carpal tunnel syndrome.

**¶3** Session filed an industrial injury claim asserting her injury was caused by her work activities as a medical assistant. Respondent Carrier denied her claim, as Carrier's medical expert, Dr. Guidera, could not relate Session's injury to her work activities. None of the other four doctors who examined Session concluded her injury was work related or restricted her work duty. Although Session testified Dr. Dorsey told her that her work activities caused her injury, Dr. Dorsey did not enter such a finding in his medical report or testify to this alleged fact at a hearing.

**¶4** Session requested Dr. Guidera testify as her medical expert, despite her distrust in Dr. Guidera's impartiality, because he was employed

2

by the same company as Session. Dr. Guidera is a medical doctor licensed to practice in Arizona, specializing in hand surgery. At a hearing, Dr. Guidera testified that Session's median neuropathy condition (carpal tunnel syndrome) was not related to her work activities, to a reasonable degree of medical certainty. Dr. Guidera further explained, based on peer reviewed medical literature of the American Medical Association (AMA), that "computer keyboard use is not a risk factor for carpal tunnel syndrome." No other medical expert provided expert testimony.

¶5 The ALJ concluded Session "did not sustain a compensable injury." Session requested the ALJ reconsider the Award and attached additional documentation consisting of a job analysis and promotional materials. No new medical records were submitted.

¶6 The ALJ affirmed his previous findings and award, concluding the newly introduced evidence was untimely and "insufficient to remedy [Session's] failure to present medical evidence that would support her injury claim." This special action followed. We have jurisdiction under Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.2 and 23-951.A (West 2016),[1] and Arizona Rule of Procedure for Special Actions 10.

¶7 We defer to the ALJ's factual findings, but review questions of law de novo. *Lane v. Indus. Comm'n*, 218 Ariz. 44, 47, ¶ 9 (App. 2008) (quotation omitted). We consider the evidence in the light most favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will affirm as long as the award is supported by reasonable evidence. *Delgado v. Indus. Comm'n*, 183 Ariz. 129, 131 (App. 1994).

## DISCUSSION

¶8 We construe Session's opening brief to argue she is entitled to compensation for surgery of her carpal tunnel syndrome,[2] because it was

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2] Session's opening brief lacks references to legal authority and the record, which could be considered abandonment or waiver of her claim. *See* ARCAP 13(a)(7)(A) (requiring appellant's brief to contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *State v. Carver*, 160

caused by job related activities.  The Respondents argue the ALJ's award was supported by substantial evidence and should be affirmed.

## I.     **Substantial Evidence**

**¶9**          Session had the burden to affirmatively show she is entitled to compensation.  *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968).  Because the Workmen's Compensation Act "does not contemplate a general health and accident fund[,] . . . there must be a causal connection between the employment and the injury." *Dunlap v. Indus. Comm'n*, 90 Ariz. 3, 6 (1961).  Expert medical opinion is required to demonstrate a causal relationship between the industrial injury and claimant's condition where the causal relationship is not readily apparent to a layperson.  *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 528 (App. 1982).

**¶10**          Session selected Dr. Guidera as her medical expert witness.  However, Dr. Guidera testified that neither Session's carpal tunnel syndrome nor the tendinitis was related to her work activities.

**¶11**          Because Session failed to introduce any medical evidence supporting her claim, she did not meet her burden of proof.  *See Malinski*, 103 Ariz.  at 216.  The evidence in the record supports the ALJ's award and that award must stand.  *See Chalupa v. Indus. Comm'n*, 17 Ariz. App. 386, 391 (1972).

## II.    **Medical Expert's Conflict of Interest**

**¶12**          We further construe Session's opening brief to contend that none of the evaluating medical doctors provided an objective and impartial medical opinion, because the doctors worked for her employer, and therefore would not testify in her favor on the issue of causation.

**¶13**          Although Session was not free to choose her own treating doctor, pursuant to A.R.S. § 23-1070[3], she was free to select her own expert

---

Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.").  However, in our discretion, we decide this appeal on its merits based on our own review of the record.  *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing that courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

[3]      An employer may elect to provide medical, surgical, and hospital benefits directly to its employees, subject to the ICA's approval.

witness. *Kennecott Copper Corporation v. Indus. Comm'n*, 115 Ariz. 184, 186 (App. 1977) (an employee of a self-provider of medical services does not have an "unqualified right to seek independent medical *treatment* and hold the employer liable for the cost). Since Session chose Dr. Guidera knowing he worked for her employer, we reject her claim.

## CONCLUSION

¶14 Because the evidence in the record supports the ALJ's award and decision upon review, we affirm.

